[Civ. No. 3762.  First Appellate District, Division One.—April 5, 1921.]

In the Matter of the Guardianship of the Person and Estate of MILDRED BERNICE PINNELL, a Minor.

[1] PARENT AND CHILD—SEPARATION OF PARENTS WITHOUT DIVORCE—CUSTODY OF CHILD.—When the parents of a minor are living in a state of separation without being divorced, the court has power to award the custody of the minor to either for such time and under such regulations as the case may require, the child's welfare being the controlling consideration.

[2] ID.—CHILD OF TENDER YEARS—AWARD OF CUSTODY TO MOTHER.—Where the present conduct of the mother of a child of tender years satisfies the court that the child may safely be committed to her care, the mandate of section 246 of the Civil Code should be followed.

---

1. Denial of custody of child to parent for its well-being, note, 41 L. R. A. (N. S.) 564.

Exacting bond for production of child as a condition of awarding custody to one parent as against other, note, L. R. A. 1915A, 576.

[3] ID.—REMOVAL OF MINOR FROM JURISDICTION—BOND—REASONABLE
REGULATION.—An order requiring that each of the parents of a
minor should give a bond conditioned that the minor should not be
removed from the jurisdiction of the court is a reasonable regula-
tion authorized by section 214 of the Civil Code.

APPEAL from an order of the Superior Court of
Fresno County relating to custody of a minor. M. F.
McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Henry Hawson for Respondent.

WASTE, P. J.—John H. Pinnell, the petitioner and ap-
pellant in this matter, sought to be appointed guardian of
the person and estate of Mildred Bernice Pinnell, the
three year old daughter of himself and Erma M. Pinnell,
his wife. At the time the application was made the minor
was in the care of the mother, who, the petitioner alleged,
was an unfit and improper person to have the custody of
the child. These accusations were denied by the mother.
The trial court found that the petitioner and respondent
are husband and wife, living in a state of separation, but
not divorced. It determined that both parents are fit and
proper persons to have the care and custody of the minor,
and that neither has any right superior to the other in that
regard while they continue to live separate and apart. It
determined that it would be for the best interests of the
minor that she be placed, and remain, in the custody of the
mother. It made an order to that effect, and directed Mrs.
Pinnell to file an undertaking in the sum of two thousand
dollars conditioned that she would not take, or permit the
child to be taken, from the county of Fresno. The father
was granted permission to visit his daughter at all rea-
sonable times, and to have her in his exclusive custody
during suitable hours of the day not to exceed two days
in each week, provided that he should file an undertaking
in the sum of one thousand dollars, payable to Mrs. Pinnell,
conditioned that he could not take, nor permit the child to
be taken, from the county of Fresno. From this order the
petitioner has appealed.

The appellant specifies several errors as grounds for this appeal, none of which we find of sufficient merit to warrant a reversal of the judgment of the lower court.

It appears from the record that petitioner and respondent married in Fresno in 1916. The child was born in December of that year. Two years later the parties went to reside in the state of Washington, the petitioner later going to Wyoming, where he was employed in the oil fields, and where the mother and child joined him. The father's employment took him away from home for long periods. In the latter part of 1919, while petitioner was absent at his work, the respondent with the little girl, in company with a woman friend and her three children, removed from her home in Glenrock to a cabin some thirty-five miles in the country. Here the petitioner found her some time later living, he claims, in improper relations with one Safford. The child, at the time, according to the petitioner's testimony, was in an unkempt and neglected condition. Petitioner was accompanied by a deputy sheriff, who had a warrant for Safford's arrest, charging him with adultery committed with Mrs. Pinnell. There was introduced upon the hearing in the court below the record of a judgment of conviction of Safford in the justice court of Converse County, Wyoming, from which it appears that Safford pleaded guilty to the charge and was fined and sentenced to a term in the county jail.

Petitioner took the little girl, and at the request of Mrs. Pinnell, she was allowed to accompany him back to their home. The parties then appear to have separated, the father taking the child to the home of his parents in the state of Washington. Some time later Mrs. Pinnell went to Washington and in the absence of her husband filed a petition in the superior court of Pacific County for a writ of *habeas corpus*, alleging that her husband had failed for more than a year to support either herself or their child. The little girl was placed by the court temporarily in the custody of the probation officer, but pending final determination of the *habeas corpus* proceedings in the supreme court of Washington the mother obtained possession of her and brought her back to Fresno County, in this state. The father followed and initiated this guardianship proceeding. In addition to the foregoing tes-

timony, a number of witnesses testified as to the general reputation of Mrs. Pinnell for morality and chastity while she resided in Wyoming, stating it was bad. Another witness testified that Mrs. Pinnell and Safford behaved in an improper manner.

Mrs. Pinnell appears to have made no effort to refute the testimony of the witnesses who testified to her bad character while she lived in Wyoming. She did, however, deny the specific allegation of improper conduct with Safford, and introduced testimony of a number of witnesses to the effect that since she returned to this state and resided in Fresno her behavior and her reputation are good, and counsel for petitioner in open court admitted this to be the fact.

[1] In awarding the custody of a minor the court is to be guided in its consideration by what appears to be for the best interests of the child in respect to its temporal, mental, and moral welfare. As between parents adversely claiming custody, neither is entitled to it as of right. Other things being equal, the child being of tender years, it should be given to the mother. (Sec. 246, Civ. Code.) When, as in the instant case, the husband and wife live in a state of separation without being divorced, the court has power to award the custody of the minor child of such parents to either for such time and under such regulations as the case may require. (Sec. 214, Civ. Code.) The child's welfare should be the controlling consideration in such matters. (*In re Campbell,* 130 Cal. 380, 383, [62 Pac. 613].)

The marital relations of the appellant and respondent appear to have been most unhappy, jealousy and discontent, perhaps, lending color to accusations made by each against the other in the present proceeding. In view of the broad powers vested in the chancellor in providing for the custody of children, particularly those of tender years, and of deciding such matters in the manner, in his opinion, which conduces most to the welfare of the child, we think it very rarely happens that an abuse of discretion will be found. In the instant case the trial court seems to have been patient and to have allowed the parties ample opportunity to produce all the testimony they had at hand. The petitioner, contestant, and little girl were before him. After

such hearing and personal observation, he has entered a decree which on its face is in keeping with the consideration which must govern in such matters. In a case of this kind, as in others, there may well be a *locus penitentia.* [2] Where the present conduct of the mother satisfies the court that the child of tender years may safely be committed to her care, the mandate of the section should be followed. (*In re Mash,* 28 Cal. App. 692, [153 Pac. 961].) [3] The provisions in the order as to the custody of the child, and the direction of the lower court that each of the parties should give a bond conditioned that the minor should not be removed from the jurisdiction of the court, is a reasonable regulation authorized by section 214 of the Civil Code of California. (*Cole* v. *Superior Court,* 28 Cal. App. 1, 4, [151 Pac. 169].)

The order is affirmed.

Kerrigan, J., and Richards, J., concurred.