[Civ. No. 5105. Fourth Dist. July 15, 1955.]

HIDDEN HARBOR, INC., Respondents, v. AMERICAN FEDERATION OF MUSICIANS LOCAL 325 et al., Appellants.

Walter Wencke for Appellants.

Clifford L. Duke, Jr., for Respondents.

MUSSELL, J.—Walt James Slocomb, a musician and member of appellant American Federation of Musicians, San Diego Local No. 325, entered into a contract of employment with plaintiff Hidden Harbor, Inc., dba Secret Harbor. Under this contract Slocomb was employed by plaintiff for 52 weeks, beginning on or before December 28, 1953, at a salary of $150 per week. He began his employment on the date agreed upon and continued to work until the contract expired on December 28, 1954. On or about March 25, 1954, Hidden Harbor's culinary and bartender employees went on strike and began picketing the Hidden Harbor for the purpose of obtaining a labor contract.

It is alleged in the complaint that at the time said picket line was instituted Slocomb and Secret Harbor were informed by the musicians' union that the rules of the musicians' union did not prohibit Slocomb from continuing to perform the obligations of his contract with Secret Harbor and that Slocomb continued to perform said obligations at all times since March 25, 1954, behind the Joint Board picket line; that on or about May 11, 1954, E. B. Wheeler, as representative of the musicians' union, sent a letter to Hidden Harbor stating, among other things, that "No federation musicians will be permitted to accept engagement at the Secret Harbor after May 25, 1954"; that Slocomb, who was a member of the musicians' union, did not request nor authorize the musicians' union to terminate his contract; that he had no dispute with Secret Harbor and that there was no dispute between Secret Harbor and the musicians' union; that Slocomb feared that disciplinary action would be taken against him by the musicians' union if he failed to obey the orders of that union. This action was filed by Hidden Harbor on May 24, 1954, to restrain the defendants from interfering with the contractual relationship between Secret Harbor and Slocomb. On June 7, 1954, Hidden Harbor filed an action in the superior court of San Diego County (No. 189517) against the Local Joint Executive Board of San Diego et al.,

seeking an injunction enjoining the defendants from picketing Secret Harbor and obstructing or interfering in any way with the conduct or operation of its business. A preliminary injunction was issued therein on June 18, 1954, enjoining the picketing and this injunction remained in effect until March 23, 1955. On May 24, 1954, an order to show cause and temporary restraining order was issued by the court in the instant action (No. 189241) and after a hearing thereon the court issued a preliminary injunction enjoining the defendants American Federation of Musicians, Local No. 325, and Edward Wheeler, from (1) Demanding that Walt James Slocomb terminate his services at the Hidden Harbor, Inc., during the life of the contract between Hidden Harbor, Inc. and Slocomb; (2) Requesting either directly or indirectly by any means whatsoever that Walt James Slocomb cease performing at Hidden Harbor, Inc.; and (3) Refusing to permit Walt James Slocomb to continue performance during the life of his contract with Hidden Harbor, Inc. and that said defendants cease and desist from doing any act which interferes with the contractual relationship between Hidden Harbor, Inc. and Slocomb.

Defendants appeal from this preliminary injunction stating that the sole issue is ''Whether one union may assist another union where'';

''(a) Members of both unions work for the identical employer at the same place;

''(b) The first union is on strike for a legitimate labor objective (a labor contract);

''(c) The first (striking) union has established a peaceful picket line in front of the mutual employer's place of business;

''(d) The employer has been placed on an 'unfair list';

''(e) The striking employees have been replaced by nonunion personnel;

''(f) The only union person working in the midst of the newly hired non-union personnel is a member of the second union;

''(g) The labor contract with the mutual employer governing the second union's members contains a condition subsequent to the effect that prevention of service by those members due to a strike, 'unfair list' or order of the second union relieves them of any obligation or liability;

''(h) The condition subsequent materializes in that the second union orders its members to stop work because of a

strike at, and the 'unfair listing' of, the mutual employer of the members of both unions.''

We do not deem it necessary to decide the issue thus stated in view of the evidence of events shown by the record to have taken place since the filing of the complaint herein. The contract of employment between plaintiff and Slocomb expired on December 28, 1954, and was fully performed by both parties. The picketing of Secret Harbor was enjoined in action No. 189517 on June 18, 1954. On December 24, 1954, Secret Harbor entered into an agreement with the Local Joint Executive Board and there has been no labor dispute since that date between respondent and said joint executive board or any of the American Federation of Labor affiliates. The preliminary injunction herein was issued enjoining appellants from interfering with said contract and the contract had no vitality after its termination. ■ We are not required to herein give opinions on moot questions or abstract propositions. In *Consolidated Vultee Aircraft Corp.* v. *United Automobile etc. Workers*, 27 Cal.2d 859, 862, 863 [167 P.2d 725], the court said:

''As the United States Supreme Court declared in *Mills* v. *Green*, 159 U.S. 651, 653 [16 S.Ct. 132, 40 L.Ed. 293] : 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.' '' (Citations.)

The record herein shows that there is no present controversy between plaintiff and appellants and that all material questions involved in the appeal are moot. ■ When a controversy between parties to an appeal ceases to exist the appeal must be dismissed. (*Covina Union High Sch.* v. *Interscholastic Federation*, 136 Cal.App. 588 [29 P.2d 323].)

■ There is no showing of abuse of discretion on the part of the trial court in issuing the preliminary injunction herein and under the circumstances shown the discretion of the trial

court will not be reviewed on appeal. (*Riviello* v. *Journeymen Barbers etc. Union,* 88 Cal.App.2d 499, 510 [199 P.2d 400].)

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.