[Civ. No. 16720. First Dist., Div. One. Apr. 18, 1956.]

G. A. PAOLI et al., Respondents, v. CALIFORNIA AND HAWAIIAN SUGAR REFINING CORPORATION (a Corporation), Appellant.

Brobeck, Phleger & Harrison for Appellant.

Charles P. Scully for Respondents.

BRAY, J.—Plaintiff Paoli and others, on behalf of Sugar Refinery Employees' Union, Crockett Local 20037, A. F. of L. (the collective bargaining representative), seeking damages and injunctive relief, sued defendant alleging a breach by defendant of a collective bargaining contract and of an arbitration award rendered thereunder. The trial court rendered judgment denying damages[1] but granting injunctive relief. Defendant appeals.

The relief granted was a declaration that defendant had breached the contract and the award and "That the plaintiffs

---

[1]Plaintiffs have not appealed from the denial of damages.

are hereby entitled to injunctive relief to prevent the defendant, and all agents," etc., "from designating certain employees in the Engineering Department to work a reverse back to back schedule rather than a Monday through Friday schedule." The entire action is based upon a certain contract between the union and the defendant and an arbitrators' award rendered thereunder. The contract expired September 1, 1954.[2] August 13, 1954, a "memorandum order" hereafter discussed was filed. January 10, 1955, findings of fact and conclusions of law and the judgment were filed. The appeal was taken thereafter.

## QUESTION PRESENTED

While the action was primarily to obtain a declaration of the meaning of the arbitration award and damages, the question that is determinative of this appeal is the effect of the termination of the contract before the entry of judgment. While the injunction portion of the judgment does not limit its application to the term of the contract, under the pleadings and facts it could apply only during that term. Plaintiffs concede that "the injunctive relief could not be effective beyond such date"—"the date of termination of the contract . . ."

Plaintiffs contend that the "memorandum order" was a final order granting injunctive relief, and having been filed before the contract expired was a valid order, and although any appeal therefrom would be moot, the judgment itself is valid. Defendant contends that the "memorandum order" was merely an opinion of the judge, or at most an interlocutory order; that the judgment is the only final order, and being made after the expiration of the contract, is void. An examination of the "memorandum order" discloses that it is not a final order. During the trial it was stipulated that before taking any evidence upon the question of damages the court should first try the issues raised concerning the arbitration award. While plaintiffs contend that in effect it was stipulated that there were to be two judgments, one on the legal questions arising from the award and one on damages, we have examined the transcript and find no such stipulation. The only one made was of the type found frequently in lawsuits,—that before considering the question of

---

[2]The trial court erroneously found September 30th to be the termination date. However, this error is unimportant as either date is prior to the date of the judgment, and, of course, of the taking of the appeal.

damages, the question of liability or lack of liability is first determined, but the judgment, when made, is to cover all issues. ■ The "memorandum order" which was not entered in the minutes but merely filed, shows on its face that it was to be followed by another order. After reciting the court's view of the effect of the award viewed in the light of the contract, the court said: "The plaintiffs' claim for injunctive relief, therefore, must be granted; and *it will be the Order* of this Court that plaintiffs have such relief." (Emphasis added.) The order then stated that "in line with the *contingent* stipulation" (emphasis added) the case could be set down for trial on the question of damages. Obviously such "memorandum order" was not appealable, nor could a writ of injunction have been issued thereon.

■ While the judgment, in addition to granting injunctive relief, declared that defendant had breached the contract and award, such declaration in view of the finding of the court that none of the plaintiffs including the union had suffered "any monetary loss or damage" by reason of defendant's breach,[3] became moot after the expiration of the contract.[4]

All the issues and the judgment being geared to the life of the contract, and it having expired prior to the entry of judgment, there was no "real or substantial controversy between the parties to the suit . . ." (See *Bradley* v. *Voorsanger,* 143 Cal. 214, 215 [76 P. 1031], dealing with an appeal which had become moot.) In *Consolidated Vultee etc. Corp.* v. *United Automobile etc. Workers,* 27 Cal.2d 859 [167 P.2d 725], a case dealing with an appeal from a judgment confirming an award of arbitrators under a contract which had been superseded by another contract, the court quoted from *Mills* v. *Green,* 159 U.S. 651 [16 S.Ct. 132, 40 L.Ed. 293] (pp. 862-863): " 'the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " See also *Hidden Harbor, Inc.* v. *American Federation of Musicians,* 134 Cal.App.2d 399

---

[3]Defendant paid plaintiffs wages in accordance with the union's interpretation of the award, although disagreeing with that interpretation. The action did not purport to be brought for wages.

[4]Paoli sued individually, as a member of the union, and "in a representative capacity for and on behalf of said Crockett Local 20037 and all of the members thereof."

[285 P.2d 691], which was an appeal from a preliminary injunction based upon a contract which terminated before the appeal could be heard. "When a controversy between parties to an appeal ceases to exist the appeal must be dismissed." (P. 402.) "However convenient or desirable for either party that the questions mooted in the case be authoritatively settled for future guidance, the court is not justified in violating fundamental principles of judicial procedure to gratify that desire. To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights, and although a case may have originally presented such a controversy, if before the decision it has, through act of the parties or other cause, lost that essential character, it is the duty of the court, upon the fact appearing, to dismiss it." (*Southern Pac. Co.* v. *Eshelman,* 227 F. 928, 932.)

In *Bradley* v. *Voorsanger, supra,* 143 Cal. 214, 216, quoting from *Matter of Manning,* 139 N.Y. 446 [34 N.E. 931] (cited in *Foster* v. *Smith,* 115 Cal. 611 [47 P. 591]), the court said: " 'The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions . . .' "

While the above cited cases were dealing with appeals which had become moot, the same principle would apply to actions which became moot before judgment. See 1 Corpus Juris Secundum, page 1017, section 17(d): ". . . although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court. . . ." "It appearing to the court that no concrete matter in dispute between the parties remains for settlement, jurisdiction will not be retained to determine merely an incidental question of costs." (*State ex rel. Gregory* v. *Boyd* (1909), 172 Ind. 196 [87 N.E. 140]; to the same effect *Agee* v. *Cate* (1913), 180 Ala. 522 [61 So. 900]; *Postal Telegraph-Cable Co.* v. *City of Montgomery* (1915), 193 Ala. 234 [69 So. 428, Ann.Cas. 1918B 554].)

It should be pointed out that the portion of the judgment declaring that defendant had breached the contract and award became moot when the court found that plaintiffs were

entitled to no damages and plaintiff failed to appeal therefrom. Whether as claimed by plaintiff this is the type of case in which a class action for damages lies, or as claimed by defendant, does not lie, is immaterial upon the question of the judgment being moot. If a proper class action, the individual members of the union are barred by the judgment of no damages. If not a proper class action, in view of the showing that the defendant paid the employees entitled to the awards, the court would not be justified in determining a controversy that did not exist.

The judgment except as to the portion denying damages from which no appeal is taken, is therefore moot and is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.