[Civ. No. 24636.   Second Dist., Div. One.   Aug. 30, 1960.]

MARION T. KENNEALLY, Appellant, v. MERLE G. KNOX, Respondent.

Barry Sullivan for Appellant.

Adams & Ball for Respondent.

LILLIE, J.—On March 17, 1955, in Santa Clara County, defendant filed an action for divorce against plaintiff, who had taken up residence with a married man in Los Angeles. Two minor children, now 10 and 14, were then taken from plaintiff by a warrant issued by the Santa Clara Superior Court. Thereafter, a property settlement agreement was entered into and on August 30, 1955, defendant was granted an interlocutory decree of divorce in the Santa Clara County action. Pursuant to this decree, and the property settlement agreement upon which it was based, the permanent custody of the two children was awarded to defendant, subject to reasonable visitation by plaintiff including the right to have them with her for two weeks during each summer vacation. A month later, after having obtained a divorce in Mexico, plaintiff remarried continuing her residence in Los Angeles County. Defendant in August of 1956, moved to Wisconsin taking the children with him, where he remarried in 1957. The children have lived with defendant in Wisconsin since, although plaintiff had them with her for two weeks during the

summer vacation of 1956 and 1957. In 1958 a controversy arose between the parties and the children did not visit plaintiff in California. In August of 1959, under the decree of August 30, 1955, the children were sent by defendant in Wisconsin to plaintiff in California for a two-week visit, but thereafter, plaintiff failed and refused to return them to their home. To secure their custody, defendant on October 28, 1959, had the Superior Court of Santa Clara County issue against plaintiff an order to show cause *in re* contempt for failing to return the children, and an order to show cause *re* modification to deprive her of the right to have the children during future summer vacations. At the request of plaintiff, venue was changed to Los Angeles County, whereupon she served on defendant a complaint for custody of minor children and an order to show cause *re* modification—to vacate the portion of the interlocutory decree of divorce of August 30, 1955, awarding the minors to defendant and to secure their permanent custody.

All matters were heard together by the Superior Court of Los Angeles County. After discussing the situation in chambers with the parties, counsel and the children, and hearing the witnesses on oral proceedings in open court, the trial judge, on November 17, 1959, made the within order—denying the plaintiff's order to show cause *re* modification, directing plaintiff to surrender the children to defendant forthwith for removal to their home in Wisconsin, declaring "plaintiff is awarded the right of physical custody of the minor children for one month during the summer vacation period beginning July 1, 1960, and continuing for one month thereafter," and ordering plaintiff "to deposit a surety or cash bond in the sum of $2,500 with the County Clerk of Los Angeles County to insure the return of the minor children to Wisconsin at the end of the one-month period." By subsequent order dated November 19, 1959, the trial court declared the interlocutory judgment of August 30, 1955, to be valid, and directed the defendant's order to show cause *re* modification filed in Santa Clara, off calendar.

Plaintiff appeals solely from that portion of the order providing that "(p)laintiff is ordered to deposit a surety or cash bond in the sum of $2,500 with the County Clerk of Los Angeles County to insure the return of the minor children to Wisconsin at the end of the one-month period." (A.O.B., p. 1.)

Arguing that the mother of a minor has a natural right of visitation, denial of which is "*not* discretionary," and that

rights of reasonable visitation ensue from parenthood and cannot be limited by a provision of the kind contained in the court's order, appellant contends, without citation of authority on the point, that the trial court was without jurisdiction to require her to deposit bond to insure the return of the children to the defendant in another state; and moreover, in making such an order the trial court abused its discretion. In her reply brief, appellant claiming to be part Negro, introduces an additional argument going to jurisdiction, that under then section 60 of the Civil Code, her marriage to defendant was illegal and void and ''Civil Code, Section 200, gives the custody of illegitimate children to the mother.'' (P. 2.)

Citing section 138, Civil Code, providing that the lower court may make any order for the custody of minors ''as may seem necessary or proper'' guided by what ''appears to be for the best interests of the children,'' *In re Pinnell,* 52 Cal.App. 177 [198 P. 215], holding in a guardianship proceeding a court's order that ''each of the parties should give a bond conditioned that the minor child should not be removed from the jurisdiction of the court'' to be a proper and reasonable regulation authorized by section 214, Civil Code (similar to § 138), and *Barrett* v. *Barrett,* 210 Cal. 559 [292 P. 622], and other cases, declaring that the trial court is invested with a large measure of power and discretion where minor children are concerned and that its conclusion will not be disturbed on appeal unless it clearly appears that its discretion has been abused—respondent claims that included in the broad power of the court to act in the best interests of the minors is the power to protect the interests of the children, even to requiring a guarantee that when removed from custody in this state they will be returned at the proper time to the parent whom the court has heretofore deemed to be best suited to have their permanent custody; and that in consideration of the plaintiff's conduct, finances and other circumstances disclosed by the evidence and affidavits on file, there was no abuse of the lower court's discretion in requiring the $2,500 bond.

Neither the plain language of the lower court's order of November 17, 1959, awarding physical custody of the children to the plaintiff for *one month* during the summer vacation beginning July 1, 1960, and requiring the posting of a $2,500 bond to insure their return at the end of ''the one-month period,'' nor the circumstances surrounding the granting of the same (including the continuing existence and validity of the permanent custody and visitation order in the decree of

August 30, 1955, the subsequent conduct of the plaintiff, and the number of proceedings filed upon plaintiff's failure to return the children to their home in Wisconsin after exercising her visitation right in August, 1959) justify any other construction of the order than that its provisions are expressly limited to a one-month visitation in the summer of 1960, specifically from July 1 to August 1. Conceding this interpretation to be a proper one, appellant in her reply brief, after citing the order in question, declares: ''Note the words: 'FOR ONE MONTH . . . SUMMER VACATION . . . JULY 1, 1960, AND CONTINUING FOR ONE MONTH.' This says for one month in 1960, it does not state a month each summer, and for this one month in 1960, appellant is to deposit $2,500 cash or surety....'' (P. 3.)

The lower court's order provides for physical custody of the children in the plaintiff for a period of one month during 1960, the month of July, and for nothing more. It is clear from the record before us that in subsequent years and that until further order of court, the parties will be guided by the terms of the permanent decree of August 30, 1955, declared by the trial judge to be valid and in full force and effect (order, November 19, 1959) providing for a two-week visitation every summer vacation. Inasmuch as the trial court denied relief on plaintiff's complaint for custody of minor children, declared the decree of August 30, 1955, to be valid, and denied plaintiff's order to show cause *re* modification praying for custody, it is obvious that except for the year 1960, the trial court did not intend its order of November 17, 1959, to supersede the permanent custody and visitation order of August 30, 1955, which contains no provision for the posting of bond in the future; but on the contrary, the lower court intended and so declared it to apply solely to a one-month visitation in July, 1960.

The situation being thus, the issue submitted on appeal has now, by lapse of time become moot; and we deem a decision thereon by this court to in no way affect the rights of the parties for the time already passed, nor their substantive rights in the future. In fact, no justiciable controversy now exists, for the time for the visit of the children under the order has long expired; nor is there any provision in the permanent custody order of August 30, 1955, for the posting of bond to guarantee the return of the children when plaintiff exercises her two-week visitation right in subsequent years. Thus the issue of jurisdiction raised on this appeal presents an abstract

question of law, the determination of which could at most be of only academic interest. As to the matter of the lower court's discretion in requiring the bond under the present circumstances, no citation of authority is needed for the declaration of the fundamental rule that all matters relating to the custody, visitation and welfare of children are by their very nature changeable and subject to judicial modification upon proper grounds. What constitutes a true state of affairs in that regard in 1960, the next year will not necessarily support; the attitudes, conduct, finances and abilities of the parties may change as well as that which best serves the interests of the children. The situation here presented for 1960 may never arise again between the parties, inasmuch as the children are growing older and the parties have had the benefit of a court hearing; and a determination of whether the trial court abused its discretion in making the within order under the special and individual circumstances here involved will be of no assistance to the parties in subsequent years if another controversy arises.

■■■ The period in question, having automatically expired by lapse of time during the pendency of this appeal (*Covina Union High School* v. *California Interscholastic Federation,* 136 Cal.App. 588 [29 P.2d 323] ; *Hidden Harbor* v. *American Federation of Musicians,* 134 Cal.App.2d 399 [285 P.2d 691] ), we deem the issue before us now to be moot, of academic interest only and to constitute an abstract question of law—not subject to review or consideration by this court. (*Keefer* v. *Keefer,* 31 Cal.App.2d 335 [87 P.2d 856].) Inasmuch as this is the sole issue before us rendering the entire case moot, respondent's motion to dismiss the appeal is hereby granted. (*Consolidated Vultee Aircraft Corp.* v. *United Auto. etc. Workers,* 27 Cal.2d 859 [167 P.2d 725].)

For the foregoing reasons the appeal is dismissed.

Fourt, Acting P. J., and Scott (Robert H.), J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.