[Civ. No. 393.   Fifth Dist.   Jan. 28, 1965.]

Estate of LOUISA E. RUSS, Deceased. HOWARD J. RUSS, Petitioner and Appellant, v. MARY DELL STILLER et al., Objectors and Respondents.

L. Miles Snyder for Petitioner and Appellant.

Taylor & Taylor and Edward T. Taylor for Objectors and Respondents.

918

BROWN (R. M.), J.—Appellant appeals from a "Memorandum of Opinion" rendered by the trial court with regard to the interpretation of a will involving heirship determination under section 1080 of the Probate Code.

The pretrial order shows that a nonjury trial was demanded for questions of law involving the interpretation or construction of a holographic will and that a jury trial was demanded for questions of fact relating to the character, as community or as separate, of real property devised by the will as well as other property in which the decedent had some interest at the time of her death which was not specifically mentioned in the will.

After the nonjury trial on the questions of law the court filed a "Memorandum of Opinion" which is the "order" appealed from, containing the following language:

"IT IS HEREBY ORDERED that the Will of the decedent is not ambiguous as to her intentions in the vesting of her interest in the property known as the 'Pedro Ranch, and all other property there and everything I own there,' and that the Court is satisfied that the intention of the decedent is clear from the express language of the Will that it was her intention to create in her surviving husband, Howard J. Russ, in the event he should survive the other persons designated therein, a life estate, with remainder over to her nephew Reuben Sylva, the third son of A. J. and Mary Sylva."

The opinion proceeds to recite that the court is satisfied and "IT IS HEREBY ORDERED" that the other issues relating to the decedent's interest in property situated in Tuolumne County referred to in the will and property not referred to in the will "are factual matters which will have to be determined by a jury unless agreed upon by the parties."

The "Memorandum of Opinion" was not entered as a judgment. It was merely filed, and there was no minute order. Several months later the judge filed a document entitled "Conclusions of Law" which concludes with the words, "These conclusions are to be Nunc pro tunc as of the date of the decision and order of April 8, 1964." Such is not appealable. (See *Miller* v. *Sharpe*, 54 Cal. 590; *Lorenz* v. *Jacobs*, 53 Cal. 24, 26.)

A final order or decree in a proceeding to determine heirship is properly entered when spread at length upon the minute book of the probate court, and it is not necessary that it be entered in a judgment book. (See *In re Blythe*, 110 Cal. 226, 228 [42 P. 641].)

The petition before the court presented two issues—construction of a will, and characterization of property.

In a proceeding to determine heirship, the court has jurisdiction to interpret the will of the decedent (*Smith* v. *Smith*, 220 Cal.App.2d 30 [33 Cal.Rptr. 559]), and to determine the character of the property as community or separate (*Estate of Neilson*, 57 Cal.2d 733 [22 Cal.Rptr. 1, 371 P.2d 745]), but there is no authority for bifurcating the hearing and making two judgments, one on each issue, which are separately appealable. In this type of case there can be but one final appealable judgment.

It appears to us that at the time the judge filed the memorandum he intended it to be exactly as it is so entitled. It is said in *Carpenter* v. *Golden State Securities Co.*, 31 Cal.App.2d 494, at pages 496-497 [88 P.2d 194], and we agree, that: "In our view the clerk's memorandum is unavailing for any purpose except to indicate how the court intends to render its judgment and orders, and an appeal does not lie in this case from the said memorandum."

". . . the appellate courts have 'no power to make appealable an order which is nonappealable. The problem is one of jurisdiction. If appellants appealed from a nonappealable order we cannot remedy the defect. We cannot consider an appeal where none is taken.' [Citation.]" (*Collins* v. *City & County of San Francisco*, 112 Cal.App.2d 719, 722 [247 P.2d 362].) (3 Cal.Jur.2d, Appeal and Error, § 36, p. 446 [1964 Supp., p. 68].)

In *Paoli* v. *California & Hawaiian Sugar etc. Corp.*, 140 Cal. App.2d 854, 856 [296 P.2d 31], a "memorandum order" was not entered in the minute book but was merely filed, showing that it was to be followed by another order, and there, the court held that the "memorandum order" was not appealable.

The court in *West* v. *Cranmer*, 220 Cal.App.2d 265 [33 Cal.Rptr. 734], dismissed the attempted appeal from an order granting a motion for summary judgment as not being appealable, and that case is authority for the rule that an attempted appeal from a nonappealable order must be dismissed by an appellate court on its own motion. Similar authority is contained in *Cole* v. *Rush*, 40 Cal.2d 178 [252 P.2d 1].

The appeal is dismissed.

Conley, P. J., and Stone, J., concurred.