[Civ. No. 501.   Second Appellate District.—June 26, 1908.]

## MUNGER'S LAUNDRY COMPANY, Appellant, v. N. A. RANKIN, Respondent.

CONTRACT OF EMPLOYMENT—RESTRAINT OF WORK FOR RIVAL—EXPIRATION OF TIME BEFORE APPEAL—DISMISSAL.—In an action to enjoin a former employee of the defendant from breaking his contract not to solicit work for a rival company, within six months after the term of his employment, in which no claim of damages was made, and which was dismissed upon demurrer to the complaint, an appeal from the judgment taken after the six months had fully elapsed presents merely a moot case for decision.   Even if the judgment were erroneous, plaintiff possesses no rights entitling him to relief under his complaint, and the appeal must be dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Milton K. Young, for Appellant.

G. L. Whitham, for Respondent.

ALLEN, P. J.—Appeal by plaintiff from a judgment dismissing an action.

Plaintiff sought in this action to enjoin defendant, who was a former employee, from soliciting work for a rival company within certain prescribed territory for a period of six months after the term of his employment with plaintiff, basing such right upon a written agreement of defendant by which, in consideration of $6, he agreed in his original contract of employment not to engage in such business of soliciting for a rival company within such territory for the time mentioned. The contract of employment between plaintiff and defendant was terminated on March 21, 1906, and the six months within which he had agreed not to engage in business within such territory expired September 21, 1906. The action was brought in June. The demurrer to the complaint was sustained by the court, and the judgment appealed from entered July 20, 1906. The notice of appeal was given in December following.

It will be observed that at the date of the appeal, and at all times since September 21, 1906, defendant was at liberty to continue his work, even assuming the validity of the contract with plaintiff. No claim of damages was made, and the only question involved was the right to enjoin the defendant from his work between the date of employment and September 21st. The appeal before this court, therefore, seeks to determine an abstract question which does not arise upon any existing facts or rights and is, in consequence, a moot case. (*Adams* v. *Union R. Co.*, 21 R. I. 134, [42 Atl. 515].) Were the judgment erroneous, and by reason thereof subject to reversal, plaintiff does not now possess, and has not since September 21, 1906, possessed any rights under the

8 Cal. App.—29

allegations of his complaint entitling him to relief, and the determination of the question involved is of no material consequence to appellant.

The appeal is, therefore, dismissed in conformity with the action of the supreme court in the case of *Kinney* v. *Newlin et al.*, L. A. No. 681, entered October 11, 1900, and in *Foster* v. *Smith*, 115 Cal. 611, [47 Pac. 591].

Shaw, J., and Taggart, J., concurred.