[Civ. No. 4817. Second Appellate District, Division Two.—January 29, 1925.]

THE PEOPLE ex rel. A. W. TERRY, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

[1] PROHIBITION—MOOT QUESTION—DISMISSAL.—Where both the complaint filed in the justice's court charging a defendant with having accepted a bribe and the indictment by the grand jury for the same offense have been dismissed, and no charges are pending against him, the question whether a certain judge of the superior court is biased and prejudiced against· defendant is moot; and a petition for a writ of prohibition praying that the case be transferred to another department or that another judge be called in must be dismissed.

(1) 3 C. J., p. 360, n. 89.

PROCEEDINGS in Prohibition to prevent the Superior Court of San Bernardino County, and Jesse Olney, Judge thereof, from trying petitioner. Petition dismissed.

The facts are stated in the opinion of the court.

Fred Duffy for Petitioner.

C. N. Hilton and Caesar A. Roberts for Respondents.

CRAIG, J.—Petition for writ of prohibition.

The petitioner A. W. Terry was charged by complaint filed in the justice's court of San Bernardino township with having accepted a bribe, and was subsequently indicted by the grand jury of San Bernardino County for the same offense.

He caused to be made, in the superior court of said county, a motion for trial before a judge other than the respondent; this motion was based upon certain affidavits which petitioner contended set forth facts showing bias and prejudice of the trial judge against him. The motion was denied, and petitioner thereupon filed in this court a petition for writ of prohibition against the respondent trying the case, and praying that the latter be directed to transfer the same to another department or to call in another judge for that purpose.

[1] It appears that the complaint and indictment above mentioned have both been dismissed, and that no charges are pending against the petitioner in the premises. The proceedings before this court therefore seek the determination of an abstract question which does not arise upon any existing facts or rights, and is moot. It follows that the petition must be dismissed, and it is so ordered. (*Munger's Laundry Co.* v. *Rankin*, 8 Cal. App. 448 [97 Pac. 95].)

Finlayson, P. J., and Works, J., concurred.