[Civ. No. 8929. First Appellate District, Division One.—June 8, 1933.]

E. FORREST MITCHELL, as Insurance Commissioner, etc., et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Frank L. Guerena for Petitioners.

Joseph A. Brown for Respondents.

TYLER, P. J.—This is a proceeding to review an order of the superior court adjudging petitioners guilty of contempt for violating a certain injunction.

Petitioner E. Forrest Mitchell is the qualified and acting insurance commissioner of the state of California, and Bernon F. Mitchell is his qualified analyst or deputy. The petition recited E. J. Carroll Co., Ltd., to be a corporation, licensed to act as an insurance broker, and that its license expired on July 1, 1932. Prior to the expiration of the same, the company applied for a renewal thereof, covering the period from the date last mentioned to July 1, 1933. Said application was made under section 633a7 of the Political Code. The application was denied for the reason the insurance commissioner determined, after due investigation and hearing, that the company had been guilty of rebating, contrary to the provisions of section 633b of the Political Code, and for the further reason that it had attempted to place business with a company not authorized to do business in this state, an act condemned under the provisions of section 596 of the Political Code.

Thereafter said corporation filed in the Superior Court in and for the City and County of San Francisco an action against said insurance commissioner under section 633a22 of the Political Code. In its complaint said corporation alleged its qualification to receive a license under section 633a7 of said code and prayed that the court order the insurance commissioner to forthwith issue a license to said corporation, the same to be effective until the final determination of the action. Upon the filing of the complaint an order was issued by the court requiring the commissioner to appear and show cause why he should not grant to the company a license as an insurance broker. On the return day the commissioner appeared and filed a demurrer to the complaint, and also an affidavit reciting in detail the reason for the refusal to issue the license for which the company had applied. After a hearing the court issued a mandatory injunction which commanded the commissioner to forthwith issue to the company a license as an insurance broker, said license to remain in full force and effect until the final determination of the action. In addition thereto it also issued an injunction restraining the commissioner from in any man-

ner interfering with the conduct by the company of its business and enjoining the commissioner from instituting any prosecution against the company for conducting the same. An appeal was taken from these orders to the Supreme Court and such appeal is still pending.

Subsequently the insurance company filed charges in the superior court against petitioners and certain deputies of the commissioner, alleging disobedience of both injunctions, and prayed that they be punished for contempt for wilfully disobeying the same. On the hearing the charges against the deputies other than petitioner Bernon F. Mitchell were dismissed and the charges based upon disobedience of the mandatory injunction were likewise dismissed, thus confining the contempt charges to the issue as to whether or not petitioners were guilty of wilful disobedience of the injunction against interference. At the conclusion of the hearing petitioner E. Forrest Mitchell was found guilty of contempt of court and a fine of twenty-five dollars was imposed, and a sentence of twenty-four hours in the county jail in the event of failure to pay such fine. Petitioner Bernon F. Mitchell was also found guilty of contempt and a fine against him in the sum of two hundred fifty dollars was imposed, or a sentence of five days in the county jail in the event of his failure to pay such fine.

In support of their petition for review of the order it is petitioners' contention that the injunction against interference is incidental to the mandatory injunction and the same became inoperative upon the taking of the appeal, the effect of which operated automatically to stay the effect of both injunctions. They further contend that, even assuming it not to be incidental and ancillary, and not therefore stayed by the appeal, there is no evidence at all in the record to support the finding that petitioners interfered with the conduct of the company in its brokerage business contrary to and in violation of the terms of the injunction. There is no escape from this latter contention. Here the injunction as above indicated provided in substance and effect that the commissioner should not interfere with the conduct of the company in the transaction of its business, and that he should not institute or prosecute any action to prevent the conducting of such business. Petitioners did neither. The evidence upon which the judgment was based

simply shows that friends of E. J. Carroll visited the office of the commissioner and inquired concerning the right of the company to do business. They were informed that the company had been refused a license by the commissioner and if they did business with said company it would be upon their own responsibility. They were further informed that the right of the company to do business was before the courts, a matter with which they were perfectly familiar. The imparted information was the truth and the statements were justified and warranted and they in no manner constituted a disobedience of the terms of the order. This conclusion renders unnecessary a determination as to whether or not the injunction was stayed by the appeal.

The order adjudging petitioners guilty of contempt is vacated and annulled.

Knight, J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1933.