[Civ. No. 9091. Second Appellate District, Division Two.—February 5, 1934.]

COVINA UNION HIGH SCHOOL et al., Respondents, v. CALIFORNIA INTERSCHOLASTIC FEDERATION, SOUTHERN SECTION (an Association), et al., Appellants.

Tipton and Sawyer, Newby & Newby and Charles R. Newby for Appellants.

L. G. Shelton for Respondents.

CRAIG, J.—Motion to dismiss appeal from decree restraining the defendant association from disqualifying or barring the plaintiff school from participating in interscholastic athletics.

Upon a complaint wherein the trustees and principal of Covina Union High School alleged that their students had been excluded from certain athletics illegally and contrary to provisions of the constitution and rules of the defendant association of which the plaintiff school was a member, and praying an injunction against said association and reinstatement therein, a decree was entered in favor of the plaintiffs. After trial of the issues it was ordered and decreed that the defendants permit and consent to the participation by said school in athletics "during the present football season on the same footing as other high school members", and that they be restrained from preventing the plaintiff school from participating in football games "for the 1932 season on said ground" that it was ineligible so to do. Said decree was dated the fourth day of November, 1932, and the defendants appealed therefrom on the twenty-ninth day of the same month.

The respondents move to dismiss the appeal upon the ground that the time during which said decree became or could be effective has elapsed. The appellants resist such motion, claiming that the decree was based upon erroneous findings of fact, that the rulings of the association were not based upon a consideration of any cause for disqualification of said school other than that which would bar it from participation during the 1932 athletic season, and that a decision of the appeal upon its merits might serve as a guide should a similar controversy arise in the future. With findings of fact as to the cause of suspension of the plaintiff school during the season of 1932, this motion is not concerned, and the second ground for opposing it would seem to defeat the appellant's argument, in effect, that the said decree remains in any respect operative. ■ As to the third, to anticipate a future controversy would require an assumption of facts which do not exist. Since it has been and is the settled law that to reinstate an injunction after the lapse of its usefulness would be a vain act, and that when a controversy between parties to an appeal ceases to exist the appeal must be

dismissed, there is no alternative but to dismiss the appeal in question here. (*Foster* v. *Smith*, 115 Cal. 611 [47 Pac. 591]; *Munger's Laundry Co.* v. *Rankin*, 8 Cal. App. 448 [97 Pac. 95].)

The appeal is dismissed.

Stephens, P. J., concurred.