[S. F. No. 14866. In Bank.—December 14, 1934.]

E. J. CARROLL CO., LTD. (a Corporation), Respondent, v. INSURANCE COMMISSIONER, etc., et al., Appellants.

U. S. Webb, Attorney-General, Neil Cunningham, Deputy Attorney-General, and Frank L. Guerena for Appellants.

Joseph A. Brown for Respondent.

PRESTON, J.—This appeal, submitted on a clerk's transcript and appellants' opening brief, presents moot questions and hence will be dismissed.

■ Plaintiff, having been denied an insurance broker's renewal license for the period from July 1, 1932, to July 1, 1933, commenced this action against the State Insurance Commissioner and his deputy, to obtain relief under section 633a22 of the Political Code. The prayer of the complaint was for judgment ordering issuance of said license to plaintiff for said period; also for an order to show cause and, upon hearing thereof, for an interlocutory order providing for issuance to plaintiff of a license *pendente lite,* until final determination of the issues involved, and for general relief.

The court granted the order to show cause. On the return day defendants appeared and filed a general demurrer to the complaint, which was subsequently overruled; also an affidavit reciting in detail the reasons for refusal of the renewal license, to wit: that plaintiff was not properly qualified to act as an insurance broker; that it had violated the so-called anti-rebate law (sec. 633b, Pol. Code) and had attempted to place business with a company not authorized to do business in this state, in violation of section 596 of the Political Code. No counteraffidavit was filed and no testimony taken. On November 23, 1932, the court made two orders. One was entitled "mandatory injunction" and it commanded defendants to forthwith issue to plaintiff a license as insurance broker, to remain in full force and effect until final determination of the action. The other order, entitled "injunction", restrained defendants, until final determination of the action, from in any way interfering with the conduct by plaintiff of its insurance brokerage business.

This appeal was taken by defendants from both of said orders. They contended that the complaint did not contain the requisites of a petition for review under said section 633a22 and that said orders were void because not predicated on the necessary showing. Furthermore, they refused to issue to plaintiff a license *pendente lite,* in compliance with the mandatory injunction, on the ground that the immediate filing of their appeal stayed its effect, if not the effect of both said injunctions (citing *Ohaver* v. *Fenech,* 206 Cal. 118 [273 Pac. 555], and cases therein noted).

Subsequently appellants were adjudged guilty of violation of said injunctions in a contempt proceeding wherein were raised many of the issues here involved. Upon review, however, the judgment of contempt was vacated upon the sole ground that there was no evidence in the record to support the finding that defendants had interfered with the conduct by plaintiff of its brokerage business in violation of said injunctions (*Mitchell* v. *Superior Court*, 132 Cal. App. 468 [23 Pac. (2d) 423]).

Appellants had meanwhile secured from this court an extension of the time in which to file their opening brief herein to within fifteen days after final determination of said contempt proceedings. That case was finally determined on August 7, 1933, when petition for hearing by this court was denied. But it will be noted that the period covered by the renewal license for which plaintiff was applying expired more than a month prior to said decision, to wit: on July 1, 1933. Thus the issues here involved became moot.

One matter need be mentioned. The license ordered by the mandatory injunction was to be effective until the ''final determination'' of the action. At the time appellants' brief was filed said action had not yet been set for trial. However, in no event could the said injunctions be interpreted as affording plaintiff protection in doing business subsequent to July 1, 1933. Regardless of what the proper ruling may be on the issues presented by this appeal, or by the case on the merits, said injunctive orders, after July 1, 1933, could have no force or effect. This is true because the term of the license *pendente lite* could not be other or greater than the term for which the current license was sought, to wit: from July 1, 1932, to July 1, 1933, and also because section 633a16 of the Political Code expressly provides that the license of every insurance broker expires on July first of every year.

The appeal is dismissed.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.