[Civ. No. 14100.   First Dist., Div. Two.   May 22, 1951.]

PACIFIC TURF CLUB, INC. (a Corporation), Respondent, v. PAUL COHN, Appellant.

Leo R. Friedman for Appellant.

Donahue, Richards, Rowell & Gallagher and George E. Thomas for Respondent.

NOURSE, P. J.—Plaintiff had a temporary injunction restraining defendant from attending races at the track operated by plaintiff. The hearing was had on the verified complaint, oral testimony and the demurrer and opposition filed by defendant.

The proceeding rests on the rules of the California Horse Racing Board adopted pursuant to statute. (Bus. & Prof. Code, § 19561.) The pertinent provisions of these rules read:

"41. All persons guilty of any dishonest or corrupt practice, fraudulent act or other conduct detrimental to racing, committed while within or without any racing enclosure, shall be ruled off all racing enclosures under the jurisdiction of the California Horse Racing Board, and it shall be the duty of the stewards and those authorized by them to exclude from all places under their jurisdiction persons who commit such offenses or are so ruled off."

"310. Any person found guilty of the violation of Section 337(a), 337(b), 337(c), 337(d), 337(e), 337(f) or 337(g) of the Penal Code of the State of California shall be suspended and the matter referred to the California Horse Racing Board which may in its discretion revoke the license of or rule off such person."

"355. Any association conducting race meetings under license from the racing board shall properly police its grounds, including the stable area, and shall eject therefrom known undesirables, touts, persons under suspension or ruled off, persons of lewd or immoral character, and persons guilty of boisterous or disorderly conduct or other conduct detrimental to racing or the public welfare. . . ."

It was alleged in the complaint and not denied that the California Horse Racing Board had instructed plaintiff to bar defendant Cohn from its track and informed plaintiff that if it did not do so its license to operate the track would be revoked. The conviction of defendant of a felony under section 337(a) of the Penal Code and the appeal then pending from the judgment was stipulated to at the hearing.

Appellant relies on sections 51 to 53 of the Civil Code which generally grant citizens equal rights of admission and treatment in places of public accommodation and amusement, and

(§ 53) prohibits the denial of admission to anyone who presents a proper ticket or tenders the price thereof. Exceptions are made including one "of lewd or immoral character." It has been held under those sections that the state in the exercise of the police power had plenary authority to regulate public race tracks and places of public amusement (*Sandstrom* v. *California Horse Racing Board,* 31 Cal.2d 401, 407, 408 [189 P.2d 17, 3 A.L.R.2d 90]) and that this power has been validly delegated by section 25a of article IV of the Constitution and sections 19561 (and 19420) Business and Professions Code to the California Horse Racing Board. The question presented is therefore the general one of the relation of a regulation under the police power and civil liberty rights granted by Constitution or statute.

The submission in this case was set aside awaiting the decision by the Supreme Court in *Orloff* v. *Los Angeles Turf Club,* 36 Cal.2d 734 [227 P.2d 449], a case similar to ours, in which Orloff, who had been convicted of violation of 337a, Penal Code and other offenses sought an injunction against the Los Angeles Turf Club to prevent it from barring him from admission to the horse races at Santa Anita Park, which the court denied. The Supreme Court reversed the judgment.

The Supreme Court held that as far as exclusion of undesirables from attendance at horse racing was concerned only the provisions of the Civil Code (§§ 51-54) were controlling; that the more rigid rules of the California Horse Racing Board applied only to "the regulation of the licensee and its employees in the conduct of the races and of wagering on the results thereof." The opinion states: "However, insofar as they govern the licensee in exercising the power of exclusion of persons from participation in the public entertainment afforded, they may not be deemed to narrow the established right of participation by all persons on an equal basis." The opinion thereby narrows the exclusion to undesirable characters coming under section 53 of the Civil Code which provides: "Any person under the influence of liquor, or who is guilty of boisterous conduct, or any person of lewd or immoral character, may be excluded from any such place of amusement." The opinion contains a definition of "immoral" in part as follows: "The term 'immoral' has been defined generally as that which is hostile to the welfare of the general public and contrary to good morals." It then states: "But the private business, the personal relations with others, the past conduct not on the premises, of a person ap-

plying for or admitted to the course, whether or not relevant to indicate his character, are immaterial in the application of the statutory standards under the facts of this case." ▮ It would therefore appear that in line with this opinion a person may be excluded from a race track only if he is observed behaving in a manner injurious or obnoxious to others or committing an illegal act such as bookmaking while on the grounds.

On the authority of the Orloff case, which we deem controlling, the order is reversed.

DOOLING, J.—I concur in the judgment of this court reversing the order granting the temporary injunction. I do so reluctantly, not because I disagree with the result, but because in my opinion the question presented by the appeal is moot and the appeal should be dismissed for that reason; but since it takes the concurrence of two members of this court to order an appeal dismissed the appeal is before the court and must be decided on its merits. I cannot refrain, however, from a brief statement of the grounds upon which I base my conclusion that the appeal should have been dismissed.

The order granting the temporary injunction from which this appeal is taken was signed on October 28, 1948. It only enjoins the appellant from "entering upon, attending or being present at the race meeting presently being held by plaintiff." At the hearing on October 28, 1948, the parties stipulated "that the horse race meeting of the Pacific Turf Club—the present racing days—will expire two days from now." The temporary injunction was served on appellant on November 1 and filed with the clerk on November 3, and the notice of appeal was filed on November 4, all after the expiration of the race meeting "presently being held," which appellant was enjoined from attending.

The question was already moot at the time that the notice of appeal was filed. (*E. J. Carroll Co., Ltd.* v. *Insurance Commr.,* 2 Cal.2d 60 [38 P.2d 780]; *Fletcher* v. *Dexter,* 60 Cal.App.2d 275 [140 P.2d 697]; *Covina U. H. School* v. *California Interscholastic Fed.,* 136 Cal.App. 588 [29 P.2d 323].) An appellate court should not decide a moot case simply to establish a principle of law or because a party "might be able to utilize a favorable decision" in his future dealings. (*Consolidated Vultee Aircraft Corp.* v. *United A. A. & Agr. Imp. Workers,* 27 Cal.2d 859, 865 [167 P.2d 725].)