Filed 6/17/14  Davis v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| MELONIE DAVIS,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARY ALLISON DAVIS,<br><br>        Defendant and Appellant. | C073446<br><br>(Super. Ct. No. PFL20130066) |

Melonie Davis obtained a domestic violence restraining order against her sister-in-law, Mary Allison Davis.  (Fam. Code, § 6200 et seq.)  In this pro se appeal from the restraining order, Mary[1] claims the trial court erred by issuing the order outside her presence.  We ordered supplemental briefing regarding whether we should dismiss the

---

[1] Because the parties share a surname, we refer to them by their first names.

1

appeal as moot, and received no response to our query. We now dismiss the appeal as moot.

## BACKGROUND

We first note that because Melonie has not filed a respondent's brief, we may accept as true the facts stated in Mary's opening brief. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1077; Cal. Rules of Court, rule 8.220(a)(2).) However, Mary still bears the "affirmative burden to show error whether or not the respondent's brief has been filed," and we "examine the record and reverse only if prejudicial error is found." (*Smith,* at p. 1078.)

In January 2013,[2] Melonie filed a petition for a temporary restraining order (TRO) and injunction to prevent Mary from harassing her or her two teenagers, contacting them by telephone, or coming within 300 yards of her home, vehicle, and workplace. In support of the petition, Melonie averred that Mary, who lives in Oklahoma, had been harassing her by sending dozens of hostile text messages from multiple cell phones. On January 29, the court issued a TRO and set the matter for hearing.

In her response, Mary did not deny engaging in the harassing conduct. She attached 15 pages of transcribed text messages exchanged between her and Melonie from January 24 to 29. She disagreed with the issuance of an injunction, however, claiming Melonie was motivated by revenge in seeking the order because Mary reported to other family members that Melonie's husband had persuaded their father to change his trust to favor of Melonie's family.

The minute order of the March 5 hearing on Melonie's injunction request indicates that Mary was not present, but she had "contacted the court and indicates that she wants a continuance so that she can appear by court call." The court granted Mary's request and

---

[2] Further date references are to 2013.

2

continued the hearing to March 26. However, the reporter's transcript of the March 26 hearing confirms that Mary did not appear, and the clerk indicated that Mary had not requested to appear by Court Call for that particular hearing. The court then made the decision to proceed without her.

After hearing evidence, the trial court granted Melonie's petition and issued a one-year restraining order against Mary.

## DISCUSSION

Mary admits in her briefing that she engaged in the exchange of text messages alleged by Melonie, and she does not contend that the trial court erred in its implicit conclusion that the messages constituted harassment and, absent a restraining order, Mary would continue to send them. She claims only that the trial court erred in issuing its order when she was "not present and unable to defend herself."

As we noted in our order regarding supplemental briefing, the restraining order at issue expired during the pendency of this appeal. We directed the parties to answer the question of whether this appeal is now moot, pointing them to the authority of *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1078-1079 [challenge to issuance of permanent injunction moot because injunction had expired while appeal pending] and *Covina U. H. School v. California Interscholastic Fed.* (1934) 136 Cal.App. 588, 589-590 [challenge to issuance of permanent injunction issued for specified school year was moot because school year had ended while appeal was pending]. Neither party followed our direction.

For the reasons discussed in those cases, because the challenged order has expired, we shall dismiss the appeal as moot.

3

## DISPOSITION

The appeal is dismissed as moot.


                                          _____DUARTE_____, J.


We concur:


_____BUTZ_____, Acting P. J.


_____HOCH_____, J.