Filed 8/31/15  Pfuhl v. Smirl CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| CLAIR RUTH ANNE PFUHL, | |
| Plaintiff and Respondent, | E060561 |
| v. | (Super.Ct.No. RIC1310470) |
| JOHN CALVIN SMIRL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Lawrence W. Fry, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

John Calvin Smirl, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Plaintiff and respondent Clair Ruth Anne Pfuhl obtained a temporary civil harassment restraining order (restraining order) against defendant and appellant John Calvin Smirl on December 31, 2013.  Smirl appeals the issuance of the restraining order, asking this court to "either Vacate the restraining order granted based on false pretense,

1

and order it's complete removal from C.L.E.T.S.[1] and any other similar database that might impact Smirl's future encounter with law enforcement or prospective employers; or grant a De Novo review, new trial, or some other mechanism that allows for proper discovery, subpoena, and admittance of evidence."  Because the record on appeal fails to demonstrate error, we affirm.

## I.  FACTS AND PROCEDURAL BACKGROUND

The record on appeal consists of the minute order of the hearing, the restraining order to stop harassment (issued after hearing), Smirl's notice of appeal, Smirl's designation of the record on appeal, Smirl's amended designation of the record on appeal, and the register of actions.  The register of actions indicates that Pfuhl filed the request for a restraining order on September 9, 2013.  A hearing was held on December 31, 2013.[2]  At the hearing, Pfuhl, her family members, Smirl, and Smirl's mother testified.  Both parties offered copies of their internet correspondence; however, none of the correspondence is part of the record on appeal.  The trial court granted the restraining

---

[1] California Law Enforcement Telecommunication Systems.

[2] We are aware that the isolated question of whether the restraining order was properly issued is moot given the fact that the order expired on December 31, 2014. (*Covina Union High School v. California Interscholastic Federation* (1934) 136 Cal.App. 588, 589-590 [an appeal from an order restraining conduct during a specified period becomes moot if that period elapses while the appeal is pending]; *Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132 [courts have a duty to refrain from giving opinions on moot questions].)  However, Smirl contends that his right to due process was violated by Pfuhl's intentional failure to serve him "important documents in an attempt to circumvent his defense."  Given this claim, we will address the merits of Smirl's appeal.

order prohibiting Smirl from harassing Pfuhl and requiring him to stay at least 100 yards away from her.

Significantly, the record does not contain the moving papers and opposition, if any. Although Smirl has provided a transcript of the hearing testimony, it reflects a "he said, she said" account of the history of the parties. Smirl's opening brief on appeal recites that he met Pfuhl on a "social networking" website, and the two formed a close, intimate relationship. Following an argument between the two in spring 2013, Pfuhl told Smirl she did not want to continue associating with him because he had been mean to her. Pfuhl later admitted that was not true but informed Smirl that she had not told her family they were dating. Pfuhl told Smirl she was no longer talking to him because she was trying to stop her mother from taking legal action against him. Then in September 2013, Pfuhl filed for a civil harassment restraining order against Smirl. A hearing was held on December 31, 2013. None of the facts asserted in Smirl's opening brief appear in the record before us. The only record citations in his brief are references to the reporter's transcript of the hearing, accompanied with claims that Pfuhl committed perjury.

## II. DISCUSSION

### A. Civil Harassment Law and Standard of Review

Under Code of Civil Procedure[3] section 527.6, "[a] person who has suffered harassment" may seek "an injunction prohibiting harassment . . . ." (§ 527.6, subd. (a).) "'Harassment'" includes "a knowing and willful course of conduct directed at a specific

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

3

person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the [plaintiff]." (§ 527.6, subd. (b).) A "'Course of conduct'" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose . . . ." (§ 527.6, subd. (b)(3).)

"The defendant may file a response that explains, excuses, justifies, or denies the alleged harassment . . . ." (§ 527.6, subd. (h).) Section 527.6 sets forth a "procedure for what is in effect a highly expedited lawsuit on the issue of harassment." (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 732.) Although there is "no full trial on the merits," the court must hold a hearing and cannot decide the matter based solely on written declarations and other documentary evidence. (*Id*. at pp. 731-732.) "At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." (§ 527.6, subd. (i).)

In determining whether substantial evidence supports the elements of willful harassment, we review the evidence before the court in accordance with established rules of appellate review. We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) In

4

reviewing the record, we cannot reconsider the trial court's determination of witnesses' credibility, or reweigh the evidence. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 766.) For this reason, we cannot decide whether the order granting the restraining order was based on false evidence.

## B. Analysis

As noted, Smirl has failed to provide a record adequate to evaluate his claims of error. He contends he was denied the opportunity to gather and produce evidence to refute Pfuhl's claims; however, he was present at the hearing, testified, and offered some documents to support his defense. Nonetheless, we have no record of the evidence presented at the hearing, nor even the moving papers and response. Whatever facts Smirl recited in his opening brief, there is no record to substantiate any such factual matters or allegations.

In the absence of an adequate record to support an appellant's claim of error, "we presume the judgment is correct." (*Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039.) Indeed, "[t]he most fundamental rule of appellate review is that a judgment is presumed correct, all intendments and presumptions are indulged in its favor, and ambiguities are resolved in favor of affirmance." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) It is the affirmative burden of the appealing party to demonstrate error. (*Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1183.) Smirl has failed to do so by failing to provide any record sufficient for review. There is nothing of record to substantiate the purported facts upon which Smirl relies. We therefore have no basis

upon which to determine that the evidence is insufficient to support the restraining order. The presumption of correctness dictates the result here.

## III. DISPOSITION

The restraining order appealed from is affirmed. The parties shall bear their own costs on appeal.[4]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
      J.

CODRINGTON
      J.

---

[4] Although Pfuhl has prevailed on the merits in this appeal, she did so despite failing to file a respondent's brief. We decline, therefore, to award her costs. (California Rules of Court, rule 8.278, subd. (a)(5).)

6