Filed 9/17/21  Idleman v. Christodoro CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| LUCIE IDLEMAN, | B284734 |
| Petitioner and Respondent, | (Los Angeles County Super. Ct. No. YQ026096) |
| v. | |
| JONATHAN CHRISTODORO, | |
| Respondent and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Hector F. Guzman.  Dismissed.

Ferguson Case Orr Paterson, Wendy Cole Lascher; and Greg May for Respondent and Appellant.

No appearance for Petitioner and Respondent.

_____

# INTRODUCTION

Jonathan Christodoro appeals from a domestic violence restraining order issued pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.)[1] and an order denying his motion to set aside and vacate the restraining order.  Because the restraining order expired while this appeal was pending, and Christodoro has not shown any discretionary exception to the rules regarding mootness applies, we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Christodoro and Lucie Idleman have a litigious history.  In a separate action between them, the court ordered an inspection of property in Rancho Palos Verdes that Christodoro claimed he owned but Idleman stole from him.  The court set the inspection for April 7, 2017 and ordered "all . . . interested parties" to have "full access to the property."

Despite a stop work order issued by the city of Rancho Palos Verdes on the property, Christodoro arrived on April 7, 2017 and saw Idleman and several people she had hired working on the house.  According to Idleman, Christodoro "was irate, screaming, yelling throughout the house, saying 'Everybody get the F out.  Everyone get the F out.  Get the F out of my house.' [He was] yelling at the workers, 'Put that down.  You're not working on my house.  Get out.  Everybody get out.'. . .  He was charging everybody; he charged everyone . . . ."  Idleman explained that, by "charging," she meant Christodoro "moved

---

[1]    Undesignated statutory references are to the Family Code.

forward in a forceful and impactful manner, in an aggressive manner, like when you lunge at somebody."

A paralegal working for Idleman's attorney said Christodoro was "ranting and raving and yelling profanities," "badger[ed]" her, made her feel "threatened," and invaded her "personal space." The paralegal said Idleman was "shaking like a leaf." Idleman called the 911 emergency operator because the situation "was scary," but the police made no arrests.

On April 10, 2017 Idleman filed a petition for a temporary restraining order and a domestic violence restraining order against Christodoro. She identified Christodoro as her "ex boyfriend" and checked a box stating she and Christodoro "[we]re dating or used to date, or . . . are or used to be engaged to be married." The court issued a temporary restraining order and set a hearing on the domestic violence restraining order for May 24, 2017.

Following the hearing, the court issued a domestic violence restraining order for three months, expiring August 23, 2017. On June 19, 2017 Christodoro filed motions to set aside and vacate the order under Code of Civil Procedure section 663 and for a new trial. On July 24, 2017 the court denied Christodoro's motions, and on August 9, 2017 Christodoro timely filed a notice of appeal.[2]

---

[2]     The notice of appeal stated Christodoro was appealing from a judgment entered July 24, 2017, which was the date the court denied Christodoro's postjudgment motions, not the date the court issued the restraining order. We liberally construe Christodoro's notice of appeal to be from the order issuing the restraining order and from the order denying his motion to set aside and vacate the order.* (See *K.J. v. Los Angeles Unified*

3

# DISCUSSION

Christodoro argues the trial court erred in granting Idleman's request for a domestic violence restraining order because he and Idleman did not have a "dating relationship" within the meaning of section 6211, subdivision (c), and because substantial evidence did not support the trial court's finding Christodoro subjected Idleman to "abuse" under section 6203. The restraining order, however, expired over four years ago, and we cannot grant Christodoro any effective relief. Therefore, the appeal is moot.

### A. *Christodoro's Appeal Is Moot*

An appeal is moot if events render it impossible for the appellate court to grant the appellant any effective relief. (*Newsom v. Superior Court* (2021) 63 Cal.App.5th 1099, 1109; see *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866 ["'a live appeal may be rendered moot by events occurring after the notice of appeal was filed'"].) "'If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by

---

*School Dist.* (2020) 8 Cal.5th 875, 882-883 [courts should liberally construe a notice of appeal "''to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced'''"]; *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 819, fn. 1 [construing a notice of appeal from an order denying a motion for a new trial as from the underlying domestic violence restraining order].)

　　* Which is appealable. (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127.)

the adverse party is moot."'" (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495 [expired civil harassment restraining order]; see *Covina Union High School v. California Interscholastic Federation* (1934) 136 Cal.App. 588, 589-590 [appeal from an injunction issued for a particular high school athletic season was moot where the athletic season ended while the appeal was pending].) Because the restraining order against Christodoro expired on August 23, 2017, his appeal is moot.

B.     *None of the Discretionary Exceptions to the Mootness Rules Applies*

"'"[T]here are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation]."'" (*Harris v. Stampolis*, *supra*, 248 Cal.App.4th at p. 495; see *City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079; *Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1411.) As for the first exception, Christodoro does not identify any issue of broad public interest that is likely to recur and evade appellate review. Christodoro suggests the second and third exceptions apply, though he does not specifically identify them.

For example, Christodoro cites ongoing litigation with Idleman and asserts "Idleman will apply for yet another unwarranted restraining order,"[3] which might suggest the

---

[3]     We grant Christodoro's motion for judicial notice of certain court documents reflecting other litigation between Christodoro

recurrence of the controversy between the parties. But Christodoro does not explain how or why the same controversy— the issuance of a domestic violence restraining order under the unusual circumstances of April 7, 2017—will arise again between the parties. Suggesting Idleman might make another request for a restraining order under another set of circumstances is not enough to show the original controversy may recur. (Cf. *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89 [appeal was not moot because the "particular statutory interpretation issue may recur in a future dispute among the parties"]; *City of Los Angeles v. City of Los Angeles Employee Relations Bd.* (2016) 7 Cal.App.5th 150, 158 [temporary agreement between a city and a union on a particular negotiating point did not moot an appeal where it seemed "likely the controversy will arise between the parties in the future, and the issue is of continuing public interest"].)

Christodoro also suggests a material question remains for the court's determination (the third mootness exception) because "the expired restraining order would work against him." In the civil context, a material question remains when "'the judgment, if left unreversed, would preclude a party from litigating . . . an issue still in controversy.'" (*Hensley v. San Diego Gas & Electric Co.* (2017) 7 Cal.App.5th 1337, 1346, fn. 4; see *Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205.) This typically occurs when a party appeals from an order or judgment and, although the relief granted by the trial court has expired, the trial court's order or judgment could serve as the basis for an adverse finding on a different issue that is still in controversy. (See, e.g., *Hensley*,

_____

(or affiliated entities) and Idleman (or affiliated persons). (See Evid. Code, §§ 452, subd. (d), 459.)

6

at p. 1345 [the parties' settlement was partially conditioned on the outcome of the appeal regarding damages].)

Christodoro contends the existence of the May 24, 2017 restraining order could prejudice him in the event a court considers whether to issue another restraining order against him. Christodoro cites section 6306, subdivision (b)(1), which indeed states, "Prior to deciding whether to issue [a domestic violence restraining] order under this part *or* when determining appropriate temporary custody and visitation orders, the court shall consider the following information . . . : any conviction for a violent felony specified in Section 667.5 of the Penal Code or a serious felony specified in Section 1192.7 of the Penal Code; any misdemeanor conviction involving domestic violence, weapons, or other violence; any outstanding warrant; parole or probation status; *any prior restraining order*; and any violation of a prior restraining order." (Italics added.)

But section 6306, subdivision (b)(2), gives the italicized "or" in subdivision (b)(1) special significance. Subdivision (b)(2) prohibits a court from considering the mere existence of a prior restraining order in determining whether to issue another domestic violence restraining order. That provision states: "Information . . . that does not involve a *conviction* described in this subdivision shall not be considered by the court in making a determination regarding the issuance of a[ ] [domestic violence restraining] order . . . ." (Italics added.) Instead, a prior restraining order may only be considered "when determining appropriate temporary custody and visitation orders," as specified in section 6306, subdivision (b)(1). Christodoro has not identified any proceeding involving custody or visitation where a court might consider the prior restraining order.

*In re Cassandra B.* (2004) 125 Cal.App.4th 199, cited by Christodoro, is distinguishable for similar reasons. The court in *Cassandra B.* found a material question remained in an appeal from an expired temporary restraining order against a mother in a dependency proceeding because the restraining order could have negative consequences for the mother in future juvenile court proceedings. (*Id.* at pp. 209-210.) The court cited Welfare and Institutions Code section 213.5, subdivision (j)(2), which requires the juvenile court to consider a prior restraining order in any proceeding to issue another restraining order. (*Id.* at p. 210, fn. 5.) Christodoro does not identify any dependency or other proceeding where the expired restraining order could have adverse consequences.

Christodoro suggests other ways the expired restraining order could negatively impact him, including by creating "negative social and economic consequences" and by giving litigants in other cases "a club to smear" him. Though the restraining order expired over four years ago,[4] however, Christodoro has not cited anything suggesting the restraining order has harmed him in any way.[5] And while seeking to clear

---

[4]    The long period of time between the restraining order and resolution of this appeal is due to a stay issued during Idleman's bankruptcy proceedings under Chapter 7 of the United States Bankruptcy Code.

[5]    Christodoro did not present in the trial court or timely ask this court to consider any evidence to demonstrate his appeal is not moot. (Cf. *In re K.M.* (2015) 242 Cal.App.4th 450, 456 ["Postjudgment evidence may . . . be used to show that the appeal, or an issue involved, is moot."]; *Long v. Hultberg* (1972)

one's name or record can be an exception to application of the mootness doctrine in a criminal case, there is no such exception in the civil context.  (See *People v. DeLeon* (2017) 3 Cal.5th 640, 646, fn. 2 [a criminal defendant can "demonstrate sufficiently concrete consequences to avoid a finding of mootness, even if the term of imprisonment has already concluded"]; *People v. Succop* (1967) 67 Cal.2d 785, 790 [a "defendant is entitled to the opportunity to clear his name of the adjudication that he is a probable mentally disordered sex offender"]; *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368-1369 ["[a] criminal case should not be considered moot where a defendant has completed a sentence where . . . the sentence may have 'disadvantageous collateral consequences'"]; *People v. Delong* (2002) 101 Cal.App.4th 482, 484 [criminal defendant's appeal was not moot where she complied with the terms of her probation and was "entitled to an opportunity to clear her name and rid herself of the stigma of criminality"].)

---

27 Cal.App.3d 606, 608 [appellate courts may consider evidence "when it shows that events occurring after judgment and notice of appeal have rendered the appeal moot"].)

9

## DISPOSITION

The appeal is dismissed.


SEGAL, J.


We concur:


PERLUSS, P. J.


IBARRA, J. [*]

---

[*] Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.